## EVANS v. STORY COUNTY.

1. **Justice of the peace: FEES.** A justice of the peace is entitled to a continuance or adjournment fee in criminal as well as civil cases under section 4152 of the Revision.

2. —— **STATIONERY.** He is also entitled in a criminal proceeding to costs of stationery used therein.

3. **Evidence: OPINIONS: JUSTICE OF THE PEACE: FEES.** In an action against a county, by a justice of the peace, to recover his fees in a criminal proceeding where the prosecution failed, evidence of another justice of the peace, as to what length of time, in his opinion, it would take to hear and determine the proceeding in question, is not admissible.

*Appeal from Boone Circuit Court.*

THURSDAY, SEPTEMBER 19.

THE plaintiff claims $33.55 for fees and stationery in the case of the *State of Iowa* v. *Charles Taylor*, on a preliminary examination, had before the plaintiff as a magistrate, on a charge of adultery against said Taylor, in which the State failed. It is alleged that the claim was pre-

sented to the board of supervisors who rejected the same. A copy of the bill is annexed to the petition.

Defendant answered, admitting that plaintiff was a magistrate, and as such held the preliminary examination stated in the petition, and offers to confess judgment for $5 and costs, and denies all other allegations of the petition. The cause was tried to a jury on change of venue in Boone county, and a verdict and judgment rendered for plaintiff for $27.00. The county appeals.

*G. S. Frazier* for the appellant.

*Dana & Balliet* for the appellee.

MILLER, J. — I. The first error urged in argument is the admission of certain testimony, and the giving of the fifth of the court's instructions, involving the question whether the justice was entitled to a fee for an adjournment. The court instructed that "a justice of the peace is allowed * * * for adjournments, each 50 cents, but such adjournments would not be where it is adjourned from day to day to continue the trial of the same case; it is where the adjournment is at request of either party, such as to enable the party to prepare for trial," etc.

1. JUSTICE OF THE PEACE: fees.

By section 4152 of the Revision of 1860 it is provided, among other fees to which a justice of the peace shall be entitled, that "for every continuance or adjournment, at the request of either party," he shall be entitled to 50 cents, and that he shall *also* be entitled to certain specified fees in criminal cases. By section 5 of chapter 1, Laws of the extra session of the Eighth General Assembly, section 4152 of the Revision was amended by providing that "in preliminary examination or trial of criminal cases the justice of the peace shall *also* be allowed for each day of six hours actually employed, the sum of $1, and in all cases where the State fails, or where the fees cannot be

made on execution against the defendant, the same··shall be paid by the county; except in cases where the costs are taxed to the private prosecutor." ˌ

Construing these several provisions of the statute together, we are of opinion that there was no error in the ruling or instruction complained of. A fair and reasonable interpretation of the language entitles the magistrate to the continuance fee not only in civil cases but *also* in criminal cases, whether on a trial or preliminary examination.

II. The court, against defendant's objection, permitted plaintiff to give in evidence the amount and cost of sta-

2. —— station-ery.
tionery used upon the preliminary examination. Although this item of cost is not specifically mentioned in the statute, yet we are of opinion that it was not intended by the General Assembly that the justice, in cases of this kind, should, without compensation, furnish stationery for a public purpose of this character. The stationery was furnished for the benefit of the public. The public should, therefore, re-imburse the magistrate. It is but simple justice that it should do so. The county is required, as we have seen, in cases of this kind, where the State fails, to pay the fees from the county treasury. And by section 312, subdivision 4 of the Revision, the board of supervisors are to " settle and allow all *just* claims against the county, unless otherwise provided by law." No other provision is made by law for the payment of this claim, and that it is just admits of no doubt.

III. On the trial, defendant called as a witness A. L. Speer, Esq., a justice of the peace of Boone county, and

3. EVIDENCE: opinion: justice of the peace: fees.
proposed to show what, in his opinion, would be a reasonable time for a magistrate to hear and determine the case of *The State* v. *Taylor*. The object of this evidence was to show that, in the opinion of the witness, too much time had been taken up

and charged for by the plaintiff in the examination. The court, on plaintiff's objection, excluded the proposed evidence, and we think correctly so. The time within which a preliminary examination before a magistrate may be reasonably concluded, depends so much upon the nature of the charge, the number and character of the witnesses, the conduct of the attorneys engaged therein, and the ability of the examining magistrate, etc., as clearly to show the inadmissibility of opinions of experts.

Finding no error in the record the judgment must be

Affirmed.